FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB 14 A 11: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO MCKINLEY | CIVIL ACTION |
| VERSUS | NO. 00-0280 |
| WARDEN JOE NULL, ET AL | SEC."K" (3) |

### REPORT AND RECOMMENDATION

Plaintiff, Mario McKinley, is a prisoner currently incarcerated in the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. He filed this *pro se* and *in forma pauperis* complaint seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants Warden Joe Null, Lt. Tanner, and Classification at the Terrebonne Parish Criminal Justice Complex. McKinley claims that, because the defendants incorrectly calculated his release date, his current incarceration is unlawful.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by* Booker v. Koonce,

DATE OF ENTRY FEB 15 2000

DATE OF MAILING FEB 15 2000

2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116. Under the broadest reading of his complaint,[1] McKinley's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a damages request for alleged civil rights violations, calling into question the validity of a state court conviction that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983:

> We hold that, in order to recover damages
> for allegedly unconstitutional conviction or

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck</u>, 512 U.S. at 486-87, 114 S. Ct. at 2372 (emphasis in original) (footnote omitted). Pretermitting any determination as to whether plaintiff has named the proper parties as defendants or whether Classification at Terrebonne Parish Criminal Justice Complex is a legal entity, this Court finds that plaintiff's claims are barred by <u>Heck</u>.

Plaintiff alleges that defendants improperly calculated his release date because they failed to give him credit for time served. Plaintiff also alleges that defendants failed to give him appropriate sentencing credit for attending a "G.E.D. class." Plaintiff argues that, but for defendants failure to properly calculate his sentence, he would already have been released from custody. An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the proper method for a prisoner to use when

challenging the calculation of his sentencing credits and/or release date. See Clarke v. Stalder, 154 F.3d 186, 189-90 (5th Cir. 1998)(en banc). Because a successful attack on the calculation of plaintiff's sentence would necessarily entitle him to accelerated release from custody, plaintiff's claims have not yet accrued and are barred by Heck. See Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998).

To the extent that plaintiff seeks to be released from incarceration because of acts committed by the defendants, these claims amount to *habeas* claims under 28 U.S.C. § 2254 and should be dismissed without prejudice for failure to exhaust.[2]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Section 2254 claims be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE**.[3]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served

---

[2] Independent investigation by the Court has revealed that plaintiff has not presented any *habeas* claims to the Louisiana Supreme Court.

[3] Dismissal of § 1983 claims that are barred by Heck should be with prejudice. See Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994)(citing Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994)).

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __10__ day of _____, 2000.

_____
UNITED STATES MAGISTRATE JUDGE